[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13265
Non-Argument Calendar

_____

D.C. Docket No. 04-00348-CV-DF-5

TEDDIE GRIFFIN,

Plaintiff-Appellant,

versus

GEORGE V. RUNYON,
Deputy for Houston County Sheriff's
Department, Houston County, State of Georgia,
in his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 17, 2007)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is a Fourth (and Fourteenth) Amendment excessive force case, brought under 42 U.S.C. § 1983 against a deputy sheriff, George Runyon, in his individual capacity. The district court granted the deputy summary judgment in an order entered on May 16, 2006. The court concluded – from the evidence taken in the light most favorable to the plaintiff, Teddie Griffin – that, when deputy Runyon encountered Griffin, he "had reasonable suspicion to believe that Griffin had engaged in criminal trespass" and, therefore, that he was "authorized to investigate the matter more fully and . . . to detain Griffin for questioning." Id. at 23. And when Griffin ignored the deputy's commands to halt and attempted to flee, the deputy's use of pepper spray to subdue Griffin did not amount to excessive force under the Fourth Amendment. Having concluded that no constitutional violation occurred, the district court did not proceed to determine whether deputy Runyon's conduct contravened a clearly established Fourth Amendment rule such that Runyon was entitled to qualified immunity.

Griffin now appeals the summary judgment. Because we agree with the district court that deputy Runyon did not employ excessive force in violation of the Fourth Amendment, we affirm the court's judgment. In his answer brief, Runyon argues that we could also affirm the summary judgment on the ground

that he is entitled to qualified immunity.  Answer brief at 27-32.[1]  We agree.  In addition to denying Griffin's claim on the ground that no constitutional violation occurred, the district court could have gone on properly to hold that Runyon was entitled to qualified immunity.

**AFFIRMED.**

---

[1]  Griffin's reply brief is silent regarding the qualified immunity issue.